**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

AMIRA NATURE FOODS, LTD.,

                 Plaintiff,

     v.

PRESCIENCE POINT LLC, PRESCIENCE
PARTNERS, LP, PRESCIENCE
INVESTMENT GROUP LLC, PRESCIENCE
CAPITAL, LLC, EIAD ASBAHI,

                Defendants.

---

Case No. 15-CV-09655(VEC)

 

**DEFENDANTS PRESCIENCE POINT LLC, PRESCIENCE PARTNERS, LP,**
**PRESCIENCE INVESTMENT GROUP LLC, PRESCIENCE CAPITAL, LLC AND EIAD**
**ASBAHI'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**AMENDED COMPLAINT**

Michael A. Asaro
Douglass B. Maynard
Joseph L. Sorkin
Katherine Porter
Sydney Spector
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036

*Counsel for Defendants Prescience Point LLC,*
*Prescience Partners, LP, Prescience Investment*
*Group LLC, Prescience Capital LLC, and Eiad*
*Asbahi*

Defendants Prescience Point LLC ("PPRG"), Prescience Partners, LP, Prescience Investment Group LLC, Prescience Capital, LLC, and Eiad Asbahi (collectively, the "Defendants"), by and through their undersigned counsel, hereby answer the numbered paragraphs of the Amended Complaint of Plaintiff Amira Nature Foods, Ltd. ("Plaintiff" or "Amira"), as set forth below.

## INTRODUCTORY STATEMENT

The Amended Complaint contravenes the Federal Rules of Civil Procedure by improperly combining factual allegations with legal conclusions and argument.  Many of the Amended Complaint's allegations are overly broad, vague, conclusory, and/or contain terms that are undefined and susceptible to different meanings. Accordingly, by way of general response, all allegations in the Amended Complaint are denied unless expressly and specifically admitted. Any factual allegation admitted below is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculation contained in the allegation or the Amended Complaint as a whole. For ease of reference, section headings and sub-headings from the Amended Complaint have been copied into this Answer. No response to these headings is required, but to the extent a response is required, the Defendants deny them.

Unless otherwise noted, the Defendants deny knowledge or information sufficient to form a belief as to the truth of any allegation relating to any other entity.

The Defendants further respectfully submit that the Amended Complaint contains numerous purported allegations that constitute legal conclusions. The Defendants are not required to respond to legal conclusions in its Answer, but to the extent a response is required, the Defendants deny such allegations, unless otherwise stated.

The Defendants further respectfully submit that the tables and unnumbered paragraphs used in the Amended Complaint do not require a response but, for the avoidance of doubt, to the extent they contain allegations against the Defendants, any such allegations are denied.

The Amended Complaint contains multiple references to purported descriptions and/or summaries of, and purported quotations from, various documents, including SEC filings and press releases.  In appropriate cases, the Defendants respectfully refer the Court to the relevant documents for a description of their contents without admitting the truth, completeness, or accuracy thereof or the admissibility of those documents. Where defined terms are used in the Amended Complaint, they are repeated in the Answer and Defenses for ease of reference, except where otherwise defined herein.

The comments and objections in this Introductory Statement are incorporated into each numbered paragraph of this Answer.

## SPECIFIC RESPONSES

### INTRODUCTION

1.      Upon information and belief, the Defendants deny the allegations contained in the first sentence of Paragraph 1.  The Defendants admit that Plaintiff purports to bring this action as set forth in the second sentence of Paragraph 1, but deny the remaining allegations in Paragraph 1.

2.      The Defendants admit that PPRG issued two reports on Amira in February and July 2015 (the "Reports").  The Defendants respectfully refer the Court to the cited PPRG "About Us" page for an accurate quotation of its contents.  To the extent an additional response is required, the Defendants deny the remaining allegations in the first three sentences of Paragraph 2.  The Defendants lack sufficient knowledge to form a belief about the truth of the

allegations set forth in the fourth sentence of Paragraph 2 and therefore deny such allegations. The Defendants deny the remaining allegations in Paragraph 2.

3.    The Defendants admit that PPRG's reports are available for free on the PPRG website.  The Defendants deny the remaining allegations in Paragraph 3.

4.    The Defendants admit that PPRG issued the Reports.  The Defendants deny the remaining allegations in Paragraph 4.

5.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to third parties in Paragraph 5 and therefore deny such allegations.  The Defendants deny the remaining allegations contained in Paragraph 5.

6.    The Defendants deny the allegations contained in the first sentence of Paragraph 6. The Defendants state that no response is required to the allegations in the fourth sentence of Paragraph 6 and respectfully refer the Court to the cited Form 6-K for an accurate quotation of its contents; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 6 and therefore deny such allegations.  The Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 6 and therefore deny such allegations.

7.    Paragraph 7 states legal conclusions to which no response is required.  To the extent a responses is required, the Defendants deny the allegations contained in Paragraph 7.

## PARTIES

### *The Plaintiff*

8.      The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore deny such allegations.

9.      The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore deny such allegations.

### *The Defendants*

10.      The Defendants admit the allegations contained in the first two sentences and the fourth sentence of Paragraph 10, except respectfully refer the Court to the cited PPRG website and cited press releases for a true and complete statement of their contents.  The Defendants deny the allegations contained in the third, fifth and sixth sentences of Paragraph 10.

11.      The Defendants admit the allegations contained in the first sentence of Paragraph 11.  The Defendants deny the allegations contained in the second sentence of Paragraph 11.

12.      The Defendants admit the allegations contained in the first and last sentences of Paragraph 12, except respectfully refer to the cited website for an accurate quotation of its contents.  The Defendants deny the allegations contained in the second sentence of Paragraph 12.

13.      The Defendants admit the allegations contained in Paragraph 13.

14.      The Defendants admit that Asbahi is a co-founder of PPRG and the founder of Prescience Partners, LP, Prescience Investment Group, LLC, and Prescience Capital, LLC.  The Defendants admit the allegations contained in the third sentence of Paragraph 14, except respectfully refer to the cited LinkedIn page for an accurate quotation of its contents.  The Defendants deny the remaining allegations contained in Paragraph 14.

## JURISDICTION AND VENUE

15.     Paragraph 15 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 15.

16.     Paragraph 16 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 16.

17.     Paragraph 17 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 17 and respectfully note that the Securities Exchange Act claim has been dismissed.

18.     Paragraph 18 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 18 and respectfully note that the Securities Exchange Act claim has been dismissed.

19.     Paragraph 19 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 19.

## FACTUAL ALLEGATIONS

**I.     AMIRA, AN INDIAN FAMILY-OWNED COMPANY FOUNDED A CENTURY AGO, GROWS QUICKLY TO BECOME AN INTERNATIONALLY RECOGNIZED COMPANY**

20.     The Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in Paragraph 20 and therefore deny such allegations, except admit upon information and belief that Amira completed an Initial Public Offering in the United States as a foreign private issuer in October 2012.

21.     The Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in Paragraph 21 and therefore deny such allegations.

22.     The Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in Paragraph 22 and therefore deny such allegations.

23.     The Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in Paragraph 23 and therefore deny such allegations.

24.     The Defendants admit that Amira reported 11 consecutive quarters of growth, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of such reports and therefore deny such allegations.  The Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations set forth in Paragraph 24 and therefore deny such allegations.

25.     The Defendants deny the allegations contained in Paragraph 25.

26.     The Defendants admit that Amira publicly reports the sources of its revenue in three categories, except the Defendants lack knowledge or information sufficient to form a belief as to the truth of such reports and therefore deny such allegations.

27.     The Defendants admit that Amira reports the percentage of its total revenue purportedly derived from sales of Basmati rice.  The Defendants respectfully refer the Court to the cited SEC filings for a true and complete statement of what Amira reports, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny such allegations.  The remainder of Paragraph 27 states legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the remaining allegations contained in Paragraph 27.

28.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and therefore deny such allegations.  Paragraph 28 also states legal conclusions to which no response is required.

29.     Upon information and belief, the Defendants admit the allegations contained in the seventh sentence of Paragraph 29.  The Defendants lack knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in Paragraph 29 and therefore deny such allegations.

30.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore deny such allegations.

## II.     PPRG'S BUSINESS IS TO PUBLISH DEFAMATORY REPORTS ABOUT PUBLIC COMPANIES IN FURTHERANCE OF DEFENDANTS' SHORT SELLING SCHEMES

31.     The Defendants deny the allegations contained in Paragraph 31.

32.     The Defendants state that no response is required to the allegations contained in Paragraph 32 and respectfully refer the Court to the cited PPRG webpage for a true and complete statement of its contents.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 32.

33.     The Defendants deny the allegations contained in the first sentence of Paragraph 33.  The Defendants state that no response is required to the allegations contained in the second and third sentences of Paragraph 33 and respectfully refer the Court to the cited webpages for a true and complete statement of their contents.  To the extent a response is required, the Defendants deny the allegations contained in the second sentence of Paragraph 33.

34.     The Defendants deny the allegations contained in Paragraph 34.

35.     The Defendants admit the allegations contained in the first four sentences of Paragraph 35.  The Defendants deny the allegations contained in the fifth sentence of Paragraph 35.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 and therefore deny such allegations.

36.     The Defendants admit that PPRG has issued reports on at least 11 different public companies over the past four years, including a report on Chicago Bridge & Iron.  The Defendants deny the allegations contained in the first eight sentences of Paragraph 36, except

that the Defendants respectfully refer the Court to the second cited tweet for a true and complete statement of its contents.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 36 and therefore deny such allegations.

37.     The Defendants admit that PPRG issued two reports about Boulder Brands, and deny the remaining allegations contained in the first sentence of Paragraph 37.  The Defendants deny the allegations contained in the second sentence of Paragraph 37. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 and therefore deny such allegations.

## III.   PPRG PUBLISHES ITS FIRST REPORT DEFAMING AMIRA IN ORDER TO MANIPULATE THE PRICE OF AMIRA'S STOCK FOR DEFENDANTS' FINANCIAL GAIN

### A.     PPRG Launches Its First Defamatory Attack on Amira to Coincide with the Launch of Amira's Proposed Debt Offering

38.     The Defendants admit that PPRG spoke with various current and former employees of Amira.  The Defendants deny the remaining allegations contained in Paragraph 38.

39.     The Defendants deny the allegations contained in Paragraph 39.

40.     The Defendants admit that, on January 28, 2015, Amira filed a Form 6-K concerning a debt offering, and respectfully refer to the cited Form 6-K for a true and complete statement of its contents, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny such allegations.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 and therefore deny such allegations.

41.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and therefore deny such allegations.

42.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 42 and therefore deny such allegations.

43.     The Defendants deny the first sentence of Paragraph 43.  The Defendants admit that PPRG issued the February Report on February 9, 2015, and respectfully refer the Court to the February Report for a true and complete statement of its contents.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 and therefore deny such allegations.

44.     The Defendants admit that Asbahi and PPRG disseminated the February Report, but deny the remaining allegations contained in Paragraph 44.

**B.     The February 2015 Report Is Replete With Misstatements and False Innuendo About Amira**

45.     Paragraph 45 states legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 45.

46.     The Defendants deny the allegations contained in Paragraph 46 and respectfully refer the Court to the February Report for a true and complete statement of its contents.

47.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 47 and therefore deny such allegations.  The Defendants deny the allegations contained in the second sentence of Paragraph 47.

48.     The Defendants state that no response is required to the allegations contained in Paragraph 48 and respectfully refer the Court to the February Report for a true and complete statement of its contents.

49.     The Defendants deny the allegations contained in Paragraph 49, except respectfully refer the Court to the February Report for a true and complete statement of its contents.

50.     The Defendants deny the allegations contained in Paragraph 50.

51.     The Defendants deny the allegations contained in Paragraph 51.

1.      <u>PPRG's False Statements and Suggestions About Amira's International Revenue Based on Export Sales</u>

52.     The Defendants deny the allegations contained in Paragraph 52.

53.     The Defendants state that no response is required to the allegations contained in the first three sentences of Paragraph 53 and respectfully refer the Court to the February Report for a true and complete statement of its contents.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained Paragraph 53 and therefore deny such allegations.

54.     The Defendants deny the allegations contained in Paragraph 54.

55.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first six sentences in Paragraph 55.  The Defendants deny the remaining allegations contained in Paragraph 55.

56.      The Defendants deny the allegations contained in the first sentence of Paragraph 56.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained Paragraph 56 and therefore deny such allegations.

57.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences in Paragraph 57 and therefore deny such allegations.  The Defendants deny the allegations contained in the last sentence of Paragraph 57.

58.     The Defendants admit that PPRG reviewed certain, relevant source summary export data from APEDA as well as certain, relevant financial disclosures from Amira.  The Defendants deny the remaining allegations contained in Paragraph 58.

59.     The Defendants admit that the APEDA data selected by PPRG shows the total export turnover of Basmati rice sold by Amira India and that Asbahi and PPRG carefully reviewed certain, relevant annual reports from Amira and APEDA data.  The Defendants deny the remaining allegations contained in Paragraph 59, and respectfully refer the Court to the February Report for a true and complete statement of its contents.

60.     The Defendants deny the allegations contained in Paragraph 60, and respectfully refer the Court to the February Report and Amira's 2014 Annual Report for a true and complete statement of their contents, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Amira's 2014 Annual Report and therefore deny such allegations.

61.     The Defendants deny the allegations contained in the first sentence, and the first half of the second sentence of Paragraph 61, and respectfully refer the Court to the February Report for a true and complete statement of its contents.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61 and therefore deny such allegations.

62.     The Defendants admit that they reviewed certain, relevant SEC filings from Amira, but deny the remaining allegations in the first sentence of Paragraph 62.  The Defendants respectfully refer the Court to the cited disclosures in the second and third sentences of Paragraph 62 for a true and complete statement of their contents, but lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second or

third sentences of Paragraph 62 and therefore deny such allegations.  Additionally, the

Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations contained in the fourth sentence of Paragraph 62 and therefore deny such allegations.

The Defendants deny the allegations contained in the fifth sentence of Paragraph 62.

63.     The Defendants deny the allegations contained in Paragraph 63, except

respectfully refer the Court to the February Report for a true and complete statement of its

contents.

64.     The Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations contained in the first two sentences in Paragraph 64 and therefore

deny such allegations.  The Defendants state that no response is required to the allegations

contained in the third sentence of Paragraph 64 and respectfully refer the Court to the cited

Amira 2014 Annual Report for a true and complete statement of its contents, except that

Defendants lack knowledge or information sufficient to form a belief about the truth of the

allegations contained therein and therefore deny such allegations.  The Defendants deny the

remaining allegations contained in Paragraph 64.

65.     The Defendants deny the allegations contained in Paragraph 65.

2.      PPRG's False Statements and Suggestions About Amira's Domestic
        Revenue Based on India Sales

66.     The Defendants state that no response is required to the allegations contained in

the first sentence of Paragraph 66 and respectfully refer the Court to the February Report for a

true and complete statement of its contents.  The Defendants deny the allegations contained in

the second sentence of Paragraph 66.

67.     The Defendants deny the allegations contained in Paragraph 67.

68.     The first two sentences of Paragraph 68 state a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in the first two sentences of Paragraph 68.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 68 and therefore deny such allegations.  The Defendants admit that Asbahi and PPRG reviewed information contained in certain, relevant filings from Amira, and respectfully refer the Court to the cited Amira 2014 Annual Report for a true and complete statement of its contents, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore deny such allegations.  The Defendants deny the remaining allegations contained in Paragraph 68 and footnote 35, except respectfully refer the Court to the cited tweet for a true and complete statement of its contents.

69.     The Defendants deny the allegations contained in Paragraph 69.

70.     The Defendants deny the allegations contained in Paragraph 70.

71.     The Defendants deny the allegations contained in Paragraph 71.

72.     The Defendants respectfully refer the Court to the February Report for a true and complete statement of its contents, and deny the remaining allegations in the first and second sentences of Paragraph 72.  The third sentence of Paragraph 72 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in the third sentence of Paragraph 72.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 72 and therefore deny such allegations.  The Defendants deny the allegations

contained in the fifth sentence of Paragraph 72, except admit that the Defendants reviewed certain, relevant financial disclosures from Amira.

73.     The Defendants respectfully refer the Court to the cited KRBL February 16, 2015 Letter for a true and complete statement of its contents, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore deny such allegations.  The Defendants deny the remaining allegations contained in Paragraph 73.

    3.     PPRG's Baseless Accusation that Amira Failed to Disclose Related Party Transactions Since the IPO

74.     The Defendants respectfully refer the Court to the February Report for a true and complete statement of its contents, and deny the remaining allegations contained in Paragraph 74.

75.      The Defendants admit that they reviewed certain, relevant SEC filings from Amira and respectfully refer the Court to Amira's cited 2014 Annual Report for a true and complete statement of its contents, but lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny such allegations.  The Defendants deny the remaining allegations contained in Paragraph 75.

76.     The Defendants deny the allegations contained in Paragraph 76, except respectfully refer the Court to the February Report for a true and complete statement of its contents.

77.     The Defendants deny the allegations contained in Paragraph 77, except respectfully refer the Court to the February Report for a true and complete statement of its contents.

78.      The Defendants deny the allegations contained in Paragraph 78.

79.     The Defendants deny the allegations contained in the last sentence of Paragraph 79.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79 and therefore deny such allegations, except that Defendants respectfully refer the Court to the February Report for a true and complete statement of its contents.

80.     The Defendants deny the allegations contained in the first two sentences in Paragraph 80, except the Defendants respectfully refer the Court to the February Report for a true and complete statement of its contents.  The last sentence of Paragraph 80 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in last sentence of Paragraph 80.

81.     The Defendants state that no response is required to the allegations contained in the first two sentences of Paragraph 81 and respectfully refer the Court to the February Report for a true and complete statement of its contents.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 81 and therefore deny such allegations.  The Defendants deny the allegations contained in the last two sentences of Paragraph 81.

82.     The Defendants state that no response is required to the allegations contained in the first three sentences of Paragraph 82 and respectfully refer the Court to the February Report for a true and complete statement of its contents.  The Defendants deny the allegations contained in the fourth, sixth, and seventh sentences of Paragraph 82.  The Defendants respectfully refer the Court to the cited Form 6-K and Form F-1 Reg. Stmt. for a true and complete statement of their contents, but lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny such allegations.

4.      PPRG's Baseless Accusation About Amira's "Sham" Real Estate
        Transaction

83.     The Defendants state that no response is required to the allegations contained in
Paragraph 83 and respectfully refer the Court to the February Report for a true and complete
statement of its contents.  To the extent that a response is required, the Defendants deny the
allegations contained in Paragraph 83.

84.     The Defendants state that no response is required to the allegations contained in
the first three sentences of Paragraph 84 and respectfully refer the Court to the February Report
for a true and complete statement of its contents.  To the extent that a response is required, the
Defendants deny the allegations contained in the first three sentences of Paragraph 84.  The
Defendants lack knowledge or information sufficient to form a belief as to the truth of the
allegations contained in the fourth sentence of Paragraph 84 and therefore deny such allegations.
The Defendants deny the allegations contained in the fifth and sixth sentences of Paragraph 84.

85.     The Defendants state that no response is required to the allegations contained in
the first sentence of Paragraph 85 and respectfully refer the Court to the February Report for a
true and complete statement of its contents.  To the extent that a response is required, the
Defendants deny the allegations contained in the first sentence of Paragraph 85.  The Defendants
admit the allegations contained in the second sentence of Paragraph 85.  The Defendants lack
knowledge or information sufficient to form a belief as to the truth of the allegations contained in
the third, fourth, fifth, and sixth sentences of Paragraph 85 and therefore deny such allegations.
The Defendants deny the allegations contained in the last two sentences of Paragraph 85.

5.      PPRG's Other "Red Flag" Issues About Amira Are False and Defamatory

86.     The Defendants deny the allegations contained in Paragraph 86.

87.     The Defendants deny the allegations contained in Paragraph 87, except respectfully refer the Court to the February Report for a true and complete statement of its contents.

88.      The Defendants deny the allegations contained in the first sentence and the last two sentences of Paragraph 88.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 88 and therefore deny such allegations.

89.     The Defendants state that no response is required to the allegations contained in the first sentence of Paragraph 89 and respectfully refer the Court to the February Report for a true and complete statement of its contents.   The Defendants deny the allegations contained in the second sentence and the last two sentences of Paragraph 89.  The Defendants state that no response is required to the allegations contained in the third sentence of Paragraph 89 and respectfully refer the Court to the cited Form 20-F for a true and complete statement of its contents, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny such allegations.  The Defendants additionally lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in footnote 47 and therefore deny such allegations.

90.     The Defendants state that no response is required to the allegations contained in the first two sentences of Paragraph 90 and respectfully refer the Court to the February Report for a true and complete statement of its contents.  The Defendants deny the allegations contained in the third sentence of Paragraph 90.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 90 and therefore deny such allegations.

91.     The Defendants state that no response is required to the allegations contained in the first sentence of Paragraph 91 and respectfully refer the Court to the February Report for a true and complete statement of its contents.  The Defendants deny the allegations contained in the second, sixth, seventh, and eighth sentences of Paragraph 91.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third, fourth, and fifth sentences in Paragraph 91 and therefore deny such allegations.

92.     The Defendants state that no response is required to the allegations contained in the first three sentences of Paragraph 92 and respectfully refer the Court to the February Report for a true and complete statement of its contents.  To the extent a response is required, the Defendants deny the allegations contained in the first three sentences of Paragraph 92.  The Defendants deny the allegations contained in the fourth and fifth sentences of Paragraph 92.

6.     PPRG's "Interviews" with Amira Insiders Are False and Misleading

93.     The Defendants respectfully refer the Court to the February Report and July Report for a true and complete statement of their contents.  The Defendants deny the remaining allegations contained in Paragraph 93.

94.     The Defendants respectfully refer the Court to the February Report for a true and complete statement of its contents.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last two sentences in Paragraph 94 and therefore deny such allegations.

95.     The Defendants deny the allegations contained in Paragraph 95.

IV.     **PPRG'S FEBRUARY 2015 REPORT CAUSES A NEARLY 40% DROP IN AMIRA'S STOCK PRICE, FORCES AMIRA TO CANCEL ITS DEBT OFFERING, AND RESULTS IN A CLASS ACTION LAWSUIT**

96.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences in Paragraph 96 and therefore deny

18

such allegations.  The Defendants deny the allegations contained in the last sentence of Paragraph 96.

97.     The Defendants deny the allegations contained in the first and last sentences of Paragraph 97.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 97 and therefore deny such allegations.

98.     The Defendants deny the allegations contained in Paragraph 98.

99.     The Defendants deny the allegations contained in Paragraph 99.

100.     The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 100 and therefore deny such allegations, except admit that a securities fraud class action was filed.

**V.     BY JULY 2015, AMIRA'S STOCK REBOUNDS AND AMIRA ANTICIPATES FILING ITS FY2015 ANNUAL REPORTS ON TIME**

101.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and therefore deny such allegations.

102.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and therefore deny such allegations.

103.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and therefore deny such allegations.

**VI.     ON THE EVE OF AMIRA FILING ITS FY2015 ANNUAL REPORT, PPRG PUBLISHES A SECOND REPORT MALIGNING AMIRA**

104.     The Defendants deny the allegations contained in the first sentence of Paragraph 104, except that Defendants admit that Asbahi, through PPRG, issued the July Report.  The Defendants admit that Asbahi disseminated the July Report and respectfully refer to the cited

tweet for a true and complete statement of its contents.  The Defendants deny any remaining allegations contained in the second sentence of Paragraph 104.

105.    The Defendants deny the allegations contained in Paragraph 105, except respectfully refer the Court to the July Report for a true and correct statement of its contents.

106.    The Defendants state that no response is required to the allegations contained in Paragraph 106 and footnote 53 and respectfully refer the Court to the cited tweets for a true and complete statement of their contents.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 106.

107.    The Defendants deny the allegations contained in Paragraph 107, except respectfully refer the Court to the July Report for a true and correct statement of its contents.

108.    The Defendants deny the allegations contained in Paragraph 108, except respectfully refer the Court to the July Report for a true and correct statement of its contents.

109.    The Defendants deny the allegations contained in the first and third sentences of Paragraph 109.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 109 and therefore deny such allegations, and respectfully refer the Court to the July Report for a true and correct statement of its contents.

110.    The Defendants deny the allegations contained in the second sentence of Paragraph 10.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 110 and therefore deny such allegations.

111.    The Defendants deny the allegations contained in Paragraph 111, except respectfully refer the Court to the July Report for a true and correct statement of its contents.

112.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 and therefore deny such allegations.

**VII.    THE PUBLICATION OF THE PPRG REPORTS CAUSES AMIRA'S STOCK TO PLUMMET UNTIL ITS INDEPENDENT EXTERNAL FORENSIC FIRM CONFIRMS PPRG'S ALLEGATIONS ARE UNSUBSTANTIATED AND UNFOUNDED**

113.    The Defendants deny the allegations contained in Paragraph 113, except respectfully refer the Court to the July Report for a true and correct statement of its contents.

114.    Upon information and belief, the Defendants admit the allegations contained in the first sentence of Paragraph 114.  The Defendants deny the allegations contained in the second sentence of Paragraph 114.

115.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and therefore deny such allegations.

116.    Upon information and belief, the Defendants admit the allegations contained in the first sentence of Paragraph 116.  The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of Paragraph 116 and therefore deny such allegations.

117.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 and therefore deny such allegations.

118.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 and therefore deny such allegations.

119.    Upon information and belief, the Defendants admit that, on November 10, 2015, Amira filed a Form 6-K regarding BDO, and respectfully refer the Court to the cited Form 6-K for a true and complete statement of its contents, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and

therefore deny such allegations.  The Defendants deny the remaining allegations contained in Paragraph 119.

120.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 and therefore deny such allegations.

## VIII.   THE PPRG REPORTS HAVE CAUSED AMIRA TO LOSE BUSINESS, REALIZE DECLINING REVENUES, AND INCUR SIGNIFICANT COSTS

121.     The Defendants deny the allegations contained in Paragraph 121.

122.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 and therefore deny such allegations.

123.     The Defendants deny the allegations contained in the fourth sentence of Paragraph 123.  For the remaining allegations contained in Paragraph 123, the Defendants respectfully refer to the cited Form 6-K and press release for a true and complete statement of their contents, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore deny such allegations.

124.     The Defendants respectfully refer to the cited Form 6-K for a true and complete statement of its contents, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore deny such allegations.  The Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 124 and therefore deny such allegations.

125.     The Defendants respectfully refer to the cited Form 6-K for a true and complete statement of its contents, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore deny such allegations.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 and therefore deny such allegations.

126.     The Defendants deny the allegations contained in the first sentence of Paragraph 126.  The Defendants respectfully refer to the cited Form 6-K for a true and complete statement of its contents, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore deny such allegations.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 126 and therefore deny such allegations.

127.     The Defendants deny allegations contained in the first sentence of Paragraph 127.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 127 and therefore deny such allegations.

128.     The Defendants deny the allegations contained in the first sentence of Paragraph 128.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 128 and therefore deny such allegations.  The Defendants respectfully refer to the cited tweet for a true and complete statement of its contents, and deny the remaining allegations contained in Paragraph 128.

129.     The Defendants deny the allegations contained in Paragraph 129, except respectfully refer to the cited tweets for a true and complete statement of their contents.

130.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 and therefore deny such allegations.

131.     The Defendants deny the allegations contained in Paragraph 131.

## FIRST CAUSE OF ACTION

### Defamation – Libel / Defamation By Implication

132.    The Defendants repeat and allege each and every admission, denial and answer made in response to Paragraphs 1 through 131 with the same force and effect as if fully set forth herein.

133.    Paragraph 133 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 133.

134.    Paragraph 134 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 134.

135.    Paragraph 135 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 135.

136.    Paragraph 136 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 136.

137.    Paragraph 137 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 137.

138.    Paragraph 138 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 138.

139.    Paragraph 139 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 139.

140.    Paragraph 140 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 140.

141.    Paragraph 141 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 141.

142.    Paragraph 142 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 142.

143.    Paragraph 143 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 143.

144.    Paragraph 144 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 144.

145.    Paragraph 145 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 145.

## SECOND CAUSE OF ACTION

### Trade Libel

146.    No response is required to the allegations contained in Paragraph 146, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  To the extent a response is required, the Defendants repeat and allege each and every admission, denial and answer made in response to Paragraphs 1 through 145 with the same force and effect as if fully set forth herein.

147.    No response is required to the allegations contained in Paragraph 147, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  Additionally, Paragraph 147 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 147.

148.    No response is required to the allegations contained in Paragraph 148, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  Additionally, Paragraph 148 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 148.

149.    No response is required to the allegations contained in Paragraph 149, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  Additionally, Paragraph 149 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 149.

150.    No response is required to the allegations contained in Paragraph 150, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  Additionally, Paragraph 150 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 150.

151.    No response is required to the allegations contained in Paragraph 151, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  Additionally, Paragraph 151 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 151.

152.    No response is required to the allegations contained in Paragraph 152, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  Additionally, Paragraph 152 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 152.

153.    No response is required to the allegations contained in Paragraph 153, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  Additionally, Paragraph 153 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 153.

154.    No response is required to the allegations contained in Paragraph 154, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  Additionally,

Paragraph 154 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 154.

155.     No response is required to the allegations contained in Paragraph 155, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  Additionally, Paragraph 155 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 155.

## THIRD CAUSE OF ACTION

## Securities Exchange Act § 10(b) – Injunctive Relief

156.     No response is required to the allegations contained in Paragraph 156, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  To the extent a response is required, the Defendants repeat and allege each and every admission, denial and answer made in response to Paragraphs 1 through 155 with the same force and effect as if fully set forth herein.

157.     No response is required to the allegations contained in Paragraph 157, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  Additionally, Paragraph 157 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 157.

158.     No response is required to the allegations contained in Paragraph 158, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  Additionally, Paragraph 158 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 158.

159.     No response is required to the allegations contained in Paragraph 159, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  Additionally,

Paragraph 159 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 159.

160.     No response is required to the allegations contained in Paragraph 160, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  Additionally, Paragraph 160 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 160.

161.     No response is required to the allegations contained in Paragraph 161, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  Additionally, Paragraph 161 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 161.

162.     No response is required to the allegations contained in Paragraph 162, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  Additionally, Paragraph 162 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 162.

163.     No response is required to the allegations contained in Paragraph 163, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  Additionally, Paragraph 163 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 163.

164.     No response is required to the allegations contained in Paragraph 164, as they relate to claims that were dismissed pursuant to the Court's October 7, 2016 Order.  Additionally, Paragraph 164 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 164.

## FOURTH CAUSE OF ACTION

## Permanent Injunctive Relief

165.    The Defendants repeat and allege each and every admission, denial, and answer made in response to Paragraphs 1 through 164 with the same force and effect as if fully set forth herein.

166.    Paragraph 166 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 166.

167.    Paragraph 167 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 167.

168.    Paragraph 168 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 168.

169.    Paragraph 169 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 169.

170.    Paragraph 170 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 170.

171.    Paragraph 171 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 171.

172.    Paragraph 172 states a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 172.

## PRAYER FOR RELIEF

173.    The Defendants deny that Amira is entitled to the requested relief or any relief whatsoever.

174.    The Defendants deny that Amira is entitled to the requested relief or any relief whatsoever.

## JURY TRIAL DEMAND

175.    The Defendants admit that the Plaintiff purport to demand a jury trial on all issues triable by a jury.

## <u>DEFENSES</u>

Without admitting any wrongful conduct on the part of the Defendants and without conceding that they have the burden of proof on any of the following defenses, the Defendants assert the following defenses to the Amended Complaint and reserves the right to add, alter and/or amend their defenses as the course of discovery so requires:

### <u>First Defense</u>
### (Failure to State a Claim)

The Plaintiff's claims for relief are barred, in whole or in part, because they fail to state a claim against the Defendants upon which relief may be granted.

### <u>Second Defense</u>
### (Truth)

The Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff cannot meet its burden of proving that the challenged statements are materially false and/or the challenged statements are substantially true.

### <u>Third Defense</u>
### (Lack of Actual Malice)

The Plaintiff's claims for relief are barred, in whole or in part, because the challenged statements concern a public figure and were published without the applicable degree of fault, including without negligence, gross irresponsibility, actual malice or fault of any kind.

**Fourth Defense**
**(No Actionable Assertions of Fact)**

The Plaintiff's claims for relief are barred, in whole or in part, because the challenged statements are not actionable assertions of fact capable of being proven true or false.

**Fifth Defense**
**(Opinion)**

The Plaintiff's claims for relief are barred, in whole or in part, because the challenged statements are constitutionally protected expressions of opinion.

**Sixth Defense**
**(Not Defamatory)**

The Plaintiff's claims for relief are barred, in whole or in part, because the challenged statements are not reasonably capable of defamatory meaning or susceptible to a defamatory interpretation, and did not defame Plaintiff.

**Seventh Defense**
**(Unconstitutionality of Claims)**

The Plaintiff's claims for relief are barred, in whole or in part, because they violate the First Amendment of the United States Constitution and the protections for free speech in the New York State Constitution.

**Eighth Defense**
**(Doctrine of Fair Comment)**

The Plaintiff's claims for relief are barred, in whole or in part, because the challenged

statements are protected by the doctrine of fair comment.

**Ninth Defense**
**(Matter of Public Concern)**

The Plaintiff's claims for relief are barred, in whole or in part, because the challenged

statements concern a matter of public concern and were published without the applicable degree

of fault, including without negligence, gross irresponsibility or fault of any kind.

**Tenth Defense**
**(No Knowledge of Falsity)**

The Plaintiff's claims for relief are barred, in whole or in part, because the challenged

statements were not published with knowledge of their falsity or with reckless disregard for their

truth or falsity.

**Eleventh Defense**
**(Absolute Privilege)**

The Plaintiff's claims for relief are barred, in whole or in part, because the challenged

statements are absolutely privileged, in whole or in part, under New York law.

**Twelfth Defense**
**(Qualified Privilege)**

The Plaintiff's claims for relief are barred, in whole or in part, because the challenged

statements are protected by a qualified privilege, in whole or in part, under New York law, and

Plaintiff cannot meet its burden of proving actual or common-law malice.

**Thirteenth Defense**
**(No Causation)**

The Plaintiff's claims for relief are barred, in whole or in part, because the Defendants did not directly or proximately cause or contribute to any alleged damages, loss, or injury sustained by the Plaintiff.

**Fourteenth Defense**
**(Superseding and Intervening Causes)**

The Plaintiff's claims for relief are barred, in whole or in part, because the Plaintiff's injuries or damages, to the extent any exist, were caused by independent superseding and intervening events unconnected to the Defendants and for which the Defendants cannot be held liable.  If the Plaintiff suffered from any cognizable losses or damages, including but not limited to the decline in the value of Amira securities or legal expenses in connection with the shareholder securities class action against Amira, those losses or damages were not caused by the Defendants.  Instead, they were caused by macroeconomic, market and financial industry events, forces and/or independent intervening or superseding causes, other than those alleged in the Amended Complaint.  Such intervening and superseding causes include the acts or omissions of other persons or entities over which the Defendants have no control.

**Fifteenth Defense**
**(Failure to Mitigate)**

Any damage, loss, or liability sustained by the Plaintiff (which the Defendants deny) must be reduced, diminished, and/or barred in proportion to the Plaintiff's failure to mitigate, rude, or otherwise avoid any alleged damages.

**Sixteenth Defense**
**(Laches)**

The Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of laches.

## Seventeenth Defense
### (Unclean Hands)

The Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of unclean hands, to the extent that the Plaintiff has been guilty of inequitable conduct with respect to the matters alleged in the Amended Complaint and such actions bar the Plaintiff's recovery.

## Eighteenth Defense
### (No Punitive Damages)

The Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff has failed to allege facts sufficient to warrant the imposition of punitive damages.

## Nineteenth Defense
### (Unconstitutionality of Injunctive Relief)

The injunctive relief sought by the Plaintiff is barred as it is vague, infringes upon free speech, and otherwise violates the United States Constitution and New York State Constitution.

## Twentieth Defense
### (No Irreparable Harm)

The injunctive relief sought by the Plaintiff is barred as the Plaintiff cannot show irreparable harm.

## Twenty-First Defense
### (No Threat of Future Harm)

The injunctive relief sought by the Plaintiff is barred as the Plaintiff cannot show an ongoing threat of future harm.

## Twenty-Second Defense
### (No Attorneys' Fees)

The Defendants deny that the Plaintiff is entitled to attorneys' fees or costs.

## Twenty-Third Defense
### (No Pre-Judgment Interest)

The Defendants deny that the Plaintiff is entitled to pre-judgment interest.

## **Additional Defenses**

By designating the aforementioned defenses, the Defendants do not in any way waive or limit any defenses which are or may be raised by their denials and averments. These defenses are pled in the alternative, and are raised to preserve the rights of the Defendants to assert such defenses, and are without prejudice to the Defendants' ability to raise other and further defenses. The Defendants expressly reserves all rights to re-evaluate their defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and/or during pretrial proceedings in this action.

**WHEREFORE**, the Defendants respectfully seek judgment as follows:

A.      That the Plaintiff take nothing by virtue of the Amended Complaint;

B.      That the Plaintiff's claims against the Defendants are dismissed with prejudice;

C.      That the Defendants be awarded the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

D.      For such other and further relief as this Court may deem just and proper**.**

Dated: November 10, 2016

Respectfully submitted,

/s/ *Michael A. Asaro*
Michael A. Asaro
Douglass B. Maynard
Joseph L. Sorkin
Katherine Porter
Sydney Spector
AKIN GUMP STRAUSS HAUER &
FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: masaro@akingump.com
        dmaynard@akingump.com
        jsorkin@akingump.com
        kporter@akingump.com
        sspector@akingump.com

*Counsel for the Defendants*